[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 12, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-11013
Non-Argument Calendar

_____

Agency No. A29-921-834


ERICK GIOVANNI SANDOVAL,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(October 12, 2005)


Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

On December 3, 1998, the Immigration and Naturalization Service ("INS"),

alleging that the Petitioner, Erick Giovanni Sandoval, a native of El Salvador, was unlawfully in the United States, commenced removal proceedings against him. On May 5, 1999, Petitioner, appearing before an Immigration Judge ("IJ") and represented by counsel, conceded removability. On July 14, 1999, Petitioner applied for asylum and withholding of removal under the Immigration and Naturalization Act ("INA") and the United Nations Convention Against Torture ("CAT"). On October 12, 1999, after hearing Petitioner's application, the IJ denied the requested relief and ordered Petitioner removed to El Salvador. On November 12, 1999, Petitioner, still represented by counsel, appealed the IJ's decision to the Board of Immigration Appeals ("BIA").

On March 9, 2001, the Attorney General designated El Salvador as a country for which Temporary Protected Status ("TPS") could be sought by certain of its nationals residing in the United States. So that Petitioner could apply for TPS, the BIA, on June 26, 2001, administratively closed his appeal. Petitioner then applied for TPS, but his application was denied on the ground that his criminal convictions rendered him ineligible for TPS.[1] The INS[2] thereafter moved the BIA to reinstate Petitioner's appeal (of the IJ's October 12, 1999 removal order). The BIA sent a

---

[1] An alien, such as Petitioner, is ineligible for TPS if he has been convicted of any felony or two or more misdemeanors in the United States. 8 C.F.R. § 1244.4(a).

[2] The INS's successor, the Department of Homeland Security, filed the motion.

copy of the motion to Petitioner's attorney and to Petitioner on July 29, 2004.

Neither responded, so on September 28, 2004, the BIA issued an order both

reinstating and dismissing Petitioner's appeal.[3]  On December 17, 2004, Petitioner,

having obtained replacement counsel, moved the BIA to "reopen" his appeal

pursuant to 8 C.F.R. § 1003.2(c).  On January 26, 2005, the BIA issued an order

characterizing the motion as a motion to reconsider and denying it as untimely.[4]

Petitioner now seeks review of the BIA's order.[5]  As relief, his brief asks that we

> remand the matter to the [BIA] with instructions that the Department of
> Homeland Security issue a charging document as required by regulation in
> order to protect [his] right to a *de novo* determination on his application for
> his eligibility for TPS, and/or, in the alternative, that the matter be remanded
> to the [BIA] in order that [he] be allowed an opportunity to provide a brief in
> support of his appeal [of the IJ's removal order].

Petitioner's brief at 16.

A motion to reconsider a decision of the BIA must be filed within 30 days of

---

[3]  The BIA dismissed the appeal because Petitioner failed to brief the appeal.  When he failed to brief it, the INS filed a memorandum with the BIA which adopted as its brief the IJ's decision denying Petitioner relief and ordering his removal.

[4]  The BIA's order also stated that the motion lacked merit and explained why.

[5] Our review of the denial of a motion to reconsider is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious."  See Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation omitted) (addressing a motion to reopen).  Put another way, we review the denial for an abuse of discretion.  Assa'ad v. U.S. Attorney Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). The BIA abuses its discretion when its decision "'provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements.'"  See Mickeviciute v. INS, 327 F.3d 1159, 1162 (10th Cir. 2003) (citation omitted).  Such is not the case here.

the decision. 8 C.F.R. § 1003.2(b)(2). A motion to reopen must be filed within 90 days of the final administrative decision in the proceedings to be reopened. 8 C.F.R. § 1003.2(c)(2). Here, Petitioner's motion was filed within 90 days, but not within 30 days, of the BIA's dismissal of his appeal (on September 28, 2004). Thus, if Petitioner's motion was a motion to reopen, it was timely; if a motion to reconsider, it was untimely.

Despite the fact that Petitioner's counsel styled Petitioner's motion as a motion to reopen, the BIA properly characterized it as a motion to reconsider. "A motion to reopen proceedings shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). Petitioner's motion did not state any new facts that would be established at a new hearing and, moreover, was not supported by any affidavits or evidentiary material. Rather, the motion simply recounted the procedural history of the case (with documents from the proceedings attached) and asserted errors of law. In essence, notwithstanding its style, the motion was a motion to reconsider. Petitioner effectively concedes this, by not challenging the BIA's characterization of the motion in his brief.

Because Petitioner's motion was untimely. The BIA did not abuse its discretion in treating it as untimely and for that reason denying it.

PETITION DENIED

4